**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JOEL P. COLBERT, et ux GAYLE COLBERT<br>("*Plaintiffs*")<br><br>vs.<br><br>LONE STAR PARK AT GRAND PRAIRIE<br>f/k/a a/k/a MBLS INC., LSRPI, INC.,<br>LONE STAR RACE PARK LTD.,<br>LONE STAR RACETRACK INC.,<br>LONE STAR PARK, GRAND PRAIRIE SPORTS<br>FACILITY, and TRAMMELL CROW<br>INTERESTS COMPANY, and<br><br>LONE STAR RACE PARK MANAGEMENT<br>CORPORATION<br>("*Defendants*") | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br> $3-01CV2321.-P$ <br>CIVIL ACTION NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Plaintiffs Joel P. Colbert and wife, Gayle Colbert ("Colbert"), complaining of Defendants Lone Star Park at Grand Prairie, ("Lone Star Park") and Lone Star Race Park Management Corporation, ("Race Park Mgt. Corp.") and Trammell Crow Interest Company, ("Trammell Crow") and for cause of action, would allege as follows:

## I. JURISDICTION AND VENUE

1. This action is brought by the Plaintiff Joel Paul Colbert, (hereinafter "Colbert"), as an individual and member of a protected class, pursuant to 29 U.S.C. Section 621 et seq, a/k/a the AGE DISCRIMINATION IN EMPLOYMENT ACT (hereinafter "ADEA"), as amended, Title VII of the Civil Rights Act of 1964, as amended, the OLDER WORKERS BENEFIT PROTECTION ACT of 1990 (hereinafter "OWBPA"), THE EQUAL PAY ACT (hereinafter "EPA"), and THE UNITED STATES CONSTITUTION (hereinafter "U. S. CONSTITUTION") and THE STATE OF TEXAS CONSTITUTION (hereinafter " TEXAS CONSTITUTION") as well as other Federal and/or State statute(s) or common law(s) that Plaintiff or this Honorable Court may subsequently identify as being applicable in this case, whether at law or in equity.

Plaintiff's Original Complaint; page -- 1

2. At all times pertinent to this civil action, Plaintiff Colbert was employed by Defendants and was an individual entitled to protection afforded employees under the above-referenced federal and/or state statutes.

3. For cause of action, Colbert would allege that Defendants wrongfully and unlawfully discriminated against him, denying him opportunities for advancement, subjecting him to adverse differential treatment, and subsequently wrongfully terminating him. Defendants' wrongful actions proximately caused Plaintiff and Plaintiff's family significant harm and injury, for which Plaintiff seeks recovery. The wrongful actions complained of herein are referable upon the Defendants because they were taken by Defendants' agent(s) and/or management. Jurisdiction of this Court is invoked pursuant to the above statutes, and Plaintiff seeks injunctive and declaratory relief from Defendants as well as other compensatory and punitive damages.

4. The unlawful employment practices causing harm to the Plaintiff Colbert alleged herein were committed within the State of Texas. But for the unlawful employment practices alleged herein, the plaintiff would have worked at his rightful place or position within Defendants' workplace in Dallas and/or Tarrant Counties, in the State of Texas. Accordingly, venue is proper in the Northern District of Texas in this case.

## II. PARTIES

4. Plaintiff Colbert is a resident of Arlington, Tarrant County, Texas, and is considered domiciled in the State of Texas. Plaintiff Gayle Colbert also is a resident of Arlington, Tarrant County, Texas, residing there with her spouse, Joel Colbert.

5. Defendant Lone Star Park at Grand Prairie is a partnership organized and existing under the laws of the State of Texas. Defendant Lone Star Race Park Management Corporation is a corporation organized and existing under the laws of the State of Texas and on information and belief, Plaintiff would aver that Defendant Race Park Mgt. Corp. is the general partner operating the facility where Plaintiff was employed. Defendants are qualified to do business in the State of Texas, and are doing business in the State of Texas. Defendants are employers within the meaning of Title VII and the federal Age Discrimination in Employment Act, employing more than 500 employees.

6. Plaintiff preserves his right to add additional parties as Defendants in this civil action, as Plaintiff may deem necessary following discovery.

## III. CONDITIONS PRECEDENT

7. Plaintiff has satisfied all administrative prerequisites prior to the filing of this suit, having previously timely filed charges alleging defendant's unlawful discrimination under Title VII and The Age Discrimination in Employment Act with the E.E.O.C. This complaint is timely

Plaintiff's Original Complaint; page -- 2

filed within ninety (90) days of plaintiff having received an E.E.O.C. right to sue letter on such action.

## IV. RELIEF SOUGHT

8. This is a proceeding for a declaratory judgment as to plaintiff's rights and for a permanent injunction, restraining defendants from maintaining a policy, practice, custom or usage of discrimination against plaintiff because of his age, with respect to compensation, terms, conditions, and privileges of employment and in ways that deprive plaintiff of equal employment opportunities and otherwise adversely affect plaintiff's status as an employee, because of age. This complaint also seeks restitution of all rights, privileges, benefits, and income that would have been received by plaintiff but for the defendants' unlawful and discriminatory practices, together with an award of punitive damages as may be appropriate in light of defendants' reckless indifference to the federally protected rights of plaintiff herein represented.

9. Plaintiff Gayle Colbert seeks compensatory and/or punitive damages from Defendants for the harm she suffered as a direct and proximate result of Defendants' wrongful actions.

## V.   FACTUAL BACKGROUND

10. At all times pertinent hereto, individual Keith Moore was employed by Defendant(s) in the capacity of Pavilion Manager, and in such capacity, acted as a representative of Lone Star Park at Grand Prairie, with responsibilities which included protecting any/all the constitutional rights of employees of Defendant.

11. At all times pertinent hereto, individual Chris Blue was employed by Defendant(s) in the capacity of Manager of Cleaning Services, and in such capacity, acted as a representative of Lone Star Park at Grand Prairie, with responsibilities which included protecting any/all the constitutional rights of employees of Defendant.

12. At all times pertinent hereto, individual Melody Johnson was employed by Defendant(s) in the capacity of Director of Human Resources, and in such capacity, acted as a representative of Lone Star Park at Grand Prairie, with responsibilities which included protecting any/all the constitutional rights of employees of Defendant.

13. At all times pertinent hereto, individual Jeff Greco was employed by Defendant(s) in the capacity of Executive Vice President of Operations, and in such capacity, acted as a representative of Lone Star Park at Grand Prairie, with responsibilities which included protecting any/all the constitutional rights of employees of Defendant.

14. At all times pertinent hereto, individual Steve Sexton was employed by Defendant(s) in the capacity of Executive Vice President and General Manager, and in such capacity, acted as a

representative of Lone Star Park at Grand Prairie, with responsibilities which included protecting any/all the constitutional rights of employees of Defendant.

15. Colbert began working for Defendant(s) on or about October 10, 1996.

16. Colbert's employment evaluation forms and performance reviews reflect that prior to his termination, Colbert was an excellent employee and that he performed well at his job with Defendants' company.

17. Plaintiff Colbert was terminated by Defendants on or about October 8, 2000. Defendants' stated reason(s) for Colbert's termination were a) job abandonment; and b) Colbert's alleged insubordination. Colbert disputed these allegations, and attempted to meet with management to discuss these matters in accordance with established company policy, but despite several attempts, management failed and refused to meet with Colbert following his October 8, 2001 termination.

18. Accompanied by counsel, on or about December 5, 2000, Colbert went to the Dallas, Texas offices of the Equal Employment Opportunity Commission and filed a complaint, alleging that his employer had discriminated against him and subjected him to differential treatment because of his age, and that his subsequent termination was wrongful.

19. Plaintiff Colbert's counsel appeared before the E.E.O.C. on Plaintiff Colbert's behalf and participated in the E.E.O.C.'s attempted mediation of Colbert's charge of discrimination.

20. The E.E.O.C. conducted an investigation and subsequently found cause to believe that Colbert had been discriminated against by his former employer, and that the employer's previously stated reason(s) for Colbert's termination were merely a pretext designed to conceal the true, discriminatory basis for Defendant's actions.

21. A right to sue letter Colbert was mailed to Colbert on or about August 14, 2001 by the E.E.O.C., but E.E.O.C. did not mail a copy of the right to sue letter to Colbert's attorney at that time, despite extensive prior contact and communication with him. On or about August 31, 2001, Colbert contacted his attorney and at that time learned that the attorney had not been notified of the right to sue letter's issuance. Plaintiff's attorney then contacted the E.E.O.C., which on September 7, 2001, finally mailed Plaintiff's counsel a copy of the Right to Sue Letter finding cause in this case.

22. As a direct and proximate result of Defendants' wrongful actions, Plaintiffs have suffered harm and injury, for which by this civil action they seek recovery. Plaintiff Colbert has attempted to mitigate his lost income damages, but remains under-employed at this time.

Plaintiff's Original Complaint;  page -- 4

## VI. COUNT ONE: DENIAL OF ADVANCEMENT OPPORTUNITIES

23. Incorporating the factual allegations above and pleading further, Plaintiff would allege that he timely applied and was qualified for an advancement position with Defendant, but despite plaintiff's qualifications, Colbert was passed over for the position, for which Defendants instead employed a much less qualified, albeit younger, male applicant.

24. Because of the willful actions of defendant, and as a proximate cause thereof, plaintiff has been, and continues to be, denied his right to equal employment opportunity in violation of the Civil Rights Act of 1964, as amended, and by this civil action would seek recovery of damages from Defendants.

## COUNT TWO: AGE DISCRIMINATION IN EMPLOYMENT ACT

25. Incorporating the factual allegations above and pleading further, Plaintiff would allege that he was wrongfully discriminated against and suffered adverse differential treatment at the hands of Defendants, in violation of the federal Age Discrimination in Employment Act, and by this civil action would seek recovery of all manner of damages, including but not limited to:
    a. Loss of 401k
    b. Loss of health insurance
    c. Loss of life insurance
    d. Back pay
    e. Loss of front pay
    f. Bonuses, raises and promotions; and

26. As a direct and proximate result of Defendants' discriminatory employment practices, policies, and customs, plaintiff has suffered stress, harassment, embarrassment, and has seen his general health decline, so that plaintiff presently has experienced loss of confidence, anger, which makes it difficult for Colbert to care for his spouse, who in December 1999 was diagnosed with and treated for lung cancer   As a direct and proximate result of Defendants' wrongful and unlawful employment practices, which would include Colbert's termination, Plaintiff no longer has access to affordable medical/health care insurance, so essential to his own and his spouse's present and future health care needs.  For these damages proximately resulting from the Defendants' wrongful and unlawful actions, Plaintiffs now seek recovery.

## COUNT THREE: WRONGFUL TERMINATION

27. Colbert incorporates by reference the factual allegations set forth in the preceding paragraphs, and pleading further, would aver that Defendant's actions therein described were unjustified, unfair, and constituted an unlawful, wrongful termination.  As a direct and

proximate cause of these act(s), Plaintiff suffered injuries for which he seeks all manner of compensatory damages and equitable relief to which he may show himself entitled in this action.

## VII.  PUNITIVE  DAMAGES

28. All of the above-described actions by defendants clearly illustrate that defendants knowingly and willfully discriminated against Colbert, with reckless indifference to the plaintiff's federally protected rights to equal employment opportunities under the law.  Plaintiff would seek an award of exemplary or punitive damages in this case, in an amount sufficient to punish the defendants and discourage future discriminatory conduct.

## X.  INJUNCTIVE  RELIEF

29. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, and this suit for injunctive relief is plaintiff's only means of securing adequate relief.  The plaintiff is now suffering and will continue to suffer irreparable injury from defendant's policies, practices, customs, and usages as set forth herein until and unless enjoined by the Court.

## XI. ATTORNEY'S FEES

30. Pleading further, Plaintiff asserts that because of defendant's conduct and discrimination in wrongfully terminating plaintiff, that it became necessary for plaintiff to obtain the services of an attorney to prosecute his claims and recover damages from defendant.  Plaintiff asserts his right to recover all necessary and reasonable attorney fees and costs incurred in the prosecution of this action, as provided under Tex. Labor Code §21.259, and under the provisions of Title VII and other applicable law.

## XII.  DEMAND  FOR  JURY  TRIAL

31. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial.

WHEREFORE, Colbert prays that this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited, and on such hearing to this Court, that it:

a)      Enter a declaratory judgment that the practices complained of herein are unlawful and violative of plaintiff's rights;

Plaintiff's Original Complaint;  page -- 6

b)     Permanently enjoin defendants, and defendants' agents, successors, officers, employees, attorneys, and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

c)     Compensate and make Colbert whole for all earnings, wages, and other benefits she would have received but for the discriminatory practices of defendant;

d)     Award plaintiff punitive damages in light of defendant's malice and reckless indifference to the federally protected rights of plaintiff and for defamation and defendant's intentional infliction of emotional distress upon plaintiff;

e)     Award plaintiff the costs and disbursements of this action, including reasonable attorneys' fees in accordance with applicable law; and

f)     Grant such other relief as may be just and proper.

Dated:  November 16, 2001.

Respectfully  submitted,


**L. Bruce Lambert**
State Bar I.D.# 00792973
Attorney for Plaintiff
P.O. Box 120787
3107 Alps Court
Arlington, Texas 76012
    Telephone:  (817)  226-2929
    Telecopier:  (817)  275-7291

Plaintiff's Original Complaint;  page -- 7