



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOEL COLBERT, *ex ux* GAYLE COLBERT   §
§
    Plaintiffs,   §
§
v.   §    No. 3:01-CV-2321-P
§
LONE STAT PARK AT GRAND PRAIRIE   §
f/k/a a/k/a/ MBLS INC., LSRPI, INC.,   §
LONE STAR RACE PARK LTD.,   §
LONE STAR RACETRACK INC.   §
LONE STAR PARK, GRAND PRAIRIE   §
SPORTS FACILITY, and   §
TRAMMEL CROW INTERESTS   §
COMPANY, and   §
LONE STAR RACE PARK   §
MANAGEMENT CORPORATION   §

## ORDER

Now before the Court are Defendants' Motion to Dismiss and for Judgment on the Pleadings,
filed August 30, 2002, Plaintiffs' Response, and Defendants' Reply as well as Plaintiffs' Motion for
Leave to Amend filed September 9, 2002 and Defendants' Reply.  After considering the parties'
briefing and the applicable law, the Court DENIES Defendants' Motion to Dismiss and GRANTS
Plaintiffs' Motion to Amend giving Plaintiffs fifteen days to amend from the date of this order.

## BACKGROUND

This case involves a dispute between Plaintiff Joel Colbert and Lone Star Park at Grand
Prairie, and Lone Star Race Park Management Corporation, and Trammell Crow Interest Company.
Plaintiff began working for Defendants on or about October 10, 1996. Pl.'s Cmpl. at 4. Plaintiff
alleges that his employment evaluation forms and performance reviews reflect that prior to his

Order– Page 1
3:01-CV-2321-P



termination, he was an excellent employee and that he performed well with Defendant's company. *Id.* Plaintiff further alleges that he was terminated by Defendants on or about October 8, 2000. *Id.* Defendant's stated reasons were job abandonment and Colbert's alleged insubordination. *Id.* Plaintiff disputed these allegations, and further alleged that he attempted to meet with management to discuss these matters in accordance with established company policy, but despite several attempts, management failed and refused to meet with Plaintiff following his termination. *Id.*

Plaintiff states that he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and that they found cause to believe that Plaintiff had been discriminated against by his former employer, and that the employer's previously stated reason for his termination was pre-textual. The EEOC mailed a right to sue letter to Plaintiff August 14, 2001, and to Plaintiff's counsel September 7, 2001. *Id.*

Plaintiffs' Complaint generally alleges that Defendant violated 29 U.S.C. § 621, *et seq,* the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964, the Older Worker's Protection Act of 1990, the Equal Pay Act, the United States Constitution and the Texas Constitution, as well as other Federal and/or state statutes or common laws. However, Plaintiffs' Complaint only alleges three specific counts: 1) Denial of Advancement Opportunities, 2) Age Discrimination in Employment Act, and 3) Wrongful Termination.

Defendants answered Plaintiffs' complaint and subsequently filed a Motion to Dismiss and for Judgment on the Pleadings. Within Plaintiffs' Response to Defendants' Motion to Dismiss and for Judgment on the Pleadings was Plaintiffs' Motion for Leave to Amend.

## DISCUSSION

### A.    MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint when Defendant shows that Plaintiff has failed to state a claim for which relief may be granted. A motion to dismiss for failure to state a claim is viewed with disfavor and should rarely be granted. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Under the rule of *Conley v. Gibson*, 355 U.S. 41 (1957), a claim should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. The Court must render its decision taking the complaint in the light most favorable to the Plaintiff and taking its allegations as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Court limits its inquiry to whether Plaintiff is entitled to offer evidence to support claims and does not address whether Plaintiff will ultimately prevail on the merits. *Johnson v. Dallas Ind. School Dist.*, 38 F.3d 198, 199 (5th Cir. 1994). However, dismissal is proper when "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

Defendants contend that based on Plaintiffs' Complaint, Plaintiffs have only alleged a Complaint under the ADEA, and therefore move to dismiss Plaintiffs' Complaint. As previously noted, Plaintiffs' Complaint generally alleges violations of several statutes, laws and the Texas and United States Constitutions. Yet, Plaintiffs' Complaint only alleges three specific counts, two of which appear to stem from the ADEA.

Order– Page 3
3:01-CV-2321-P

Plaintiffs disputes that they are alleging only an ADEA claim and assert that they also allege "several additional claims/causes of action" including common law tort claims.  However, as Defendants note in their Motion to Dismiss, the only claim made by Plaintiffs that alleges sufficient facts and identifies the legal theory of the claim is the ADEA claim.  Plaintiffs' complaint purports to allege a claim for wrongful termination.  However, Plaintiffs do not identify the legal theory of this claim.  A termination can be unlawful because it was in violation of the ADEA, Title VII or other statutory or common law, and Plaintiffs are required to specifically identify the legal basis of this claim.  Similarly, although Plaintiffs allege a violation of Title VII, Plaintiffs do not identify the legal basis of this claim.  Plaintiffs do not state whether their Title VII claim is based on race or some other form of discrimination prohibited by Title VII.  Plaintiffs also do not allege any factual support for a Title VII claim.

It is not clear from the complaint whether Plaintiffs are alleging claims pursuant to the Older Workers Protection Act of 1990, the Equal Pay Act, and the federal and state constitutions.  Plaintiffs do not attempt to support any of these claims with specific factual allegations that support these claims.  Additionally, Plaintiffs need to specify the explicit provisions of the federal and state constitutions on which they base their claims.  In sum, the only claim which Plaintiffs have properly pled is a claim pursuant to the ADEA.

Because Defendant assumed in its Motion to Dismiss that the only claim Plaintiffs properly pled was pursuant to the ADEA violation, Defendants claim that Gayle Colbert failed to state a claim upon which relief can be granted.  Def.'s Mot. to Dis. at 3-5.  In the Motion to Dismiss, Defendants argue that because Gayle Colbert was not an employee of Defendants, she cannot assert a claim under the ADEA.  Furthermore, Defendants assert that under the ADEA, Compensatory and Punitive

**Order– Page 4**
3:01-CV-2321-P

Damages are not recoverable. *Id*. at 6-7. Finally, Defendants contends that Plaintiffs' claim was untimely filed. Under the ADEA, claimants have 90 days to file a civil action after receipt of a right to sue letter from the EEOC. 29 U.S.C. § 626(e). The 90-day limitation period begins running on the date that the EEOC right to sue letter is received by counsel or by the claimant himself, whichever is earlier. *Ringgold v. National Maint. Corp*., 796 F.2d 769, 770 (5th Cir. 1986). According to the United States Supreme Court, when the receipt date for the EEOC's right to sue letter is not stated, the Court will use the three day presumption set forth in Federal Rule of Civil Procedure 6(e). *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 148 n.1 (1984). In the Complaint, Plaintiffs allege the EEOC issued the right to sue letter on August 14, 2001. Pl.'s Cmpl. at 4. Because Plaintiffs failed to allege when they actually received the notice, the Court will utilize the three day presumption and assumes the letter was received August 17, 2001. Plaintiffs filed their Complaint November 16, 2001, 91 days after Plaintiffs are presumed to have received the notice. Thus, without further amendment from Plaintiffs, the Court will have to conclude that the Complaint was not timely filed. However, Plaintiffs did file a Motion to Amend.

## B.   MOTION TO AMEND

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading "shall be granted when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant leave to amend lies within the discretion of the trial court. Unless there exists a substantial reason for denying leave to amend, the district court should permit the filing of a proposed amendment. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).

In determining whether to grant leave to amend, the court may consider several factors, including delay or prejudice to the non-movant, bad faith or dilatory motives on the part of the

movant, repeated failure to cure deficiencies, and futility of amendment. *Foman*, 371 U.S. at 182.
The Court may also deny a motion to amend if it concludes that the proposed amendment would be
futile. *J.R. Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-873 (5th Cir. 2000).

While Defendants move to dismiss Plaintiff's Complaint, Plaintiff contends that his
Complaint meets the requirements of "notice pleadings." According to Rule 8 of the Federal Rules
of Civil Procedure, Plaintiff need only plead "a short and plain statement of the claim showing that
the pleader is entitled to relief." However, under the Federal Court's "fair notice" practice, the
Plaintiff must also provide enough information that will give Defendant "fair notice of what
plaintiff's claim[s] [are] and grounds upon which [they] rest." *Conley*, 355 U.S. at 47. As noted
above, Plaintiffs have failed to do this with respect to all of their claims except the ADEA claim.

This Court therefore GRANTS Plaintiff's Motion to amend so as to specify upon what
grounds he is basing his Complaint, and to specifically inform the Court of the date of receipt of the
right to sue letter.

## **CONCLUSION**

Accordingly, after considering the parties' briefing and the applicable law, the Court DENIES
Defendant's Motion to Dismiss and GRANTS Plaintiff's Motion to Amend, giving Plaintiff fifteen
days from the date of this order to amend his Complaint.

**It is so ordered.**

Signed this _1st_ day of _October_, 2002.


JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE