IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 1 5 2002
CLERK, U.S. DISTRICT COURT
By _____
      Deputy

| | |
|---|---|
| JOEL P. COLBERT, et ux GAYLE COLBERT ("*Plaintiffs*") § § § § vs. § § LONE STAR PARK AT GRAND PRAIRIE § f/k/a a/k/a MBLS INC., LSRPI, INC., § LONE STAR RACE PARK LTD., § LONE STAR RACETRACK INC., § LONE STAR PARK, GRAND PRAIRIE SPORTS § FACILITY, and TRAMMELL CROW § INTERESTS COMPANY, and § § LONE STAR RACE PARK MANAGEMENT § CORPORATION § ("*Defendants*") § | CIVIL ACTION NO. 3-01CV2321-P |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Plaintiffs Joel P. Colbert and wife, Gayle Colbert ("Colbert"), complaining of Defendants Lone Star Park at Grand Prairie, ("Lone Star Park") and Lone Star Race Park Management Corporation, ("Race Park Mgt. Corp.") and Trammell Crow Interest Company, ("Trammell Crow") and for cause of action, Plaintiffs through this their First Amended Original Complaint, timely filed with prior leave granted by this Honorable Court's Order entered October 1, 2002, would allege as follows:

### I. JURISDICTION AND VENUE

1. This action is brought by the Plaintiff Joel Paul Colbert, (hereinafter "Colbert"), as an individual and member of a protected class, pursuant to 29 U.S.C. Section 621 et seq, a/k/a the AGE DISCRIMINATION IN EMPLOYMENT ACT (hereinafter "ADEA"), as amended, Title VII of the Civil Rights Act of 1964, as amended, the OLDER WORKERS BENEFIT PROTECTION ACT of 1990 (hereinafter "OWBPA"), THE EQUAL PAY ACT (hereinafter "EPA"), and THE UNITED STATES CONSTITUTION (hereinafter "U. S. CONSTITUTION") and THE STATE OF TEXAS CONSTITUTION (hereinafter " TEXAS CONSTITUTION") as well as other Federal and/or State statute(s) or common law(s) that

Plaintiffs' First Amended Original Complaint;  page -- 1

Plaintiff or this Honorable Court may subsequently identify as being applicable in this case, whether at law or in equity.

2. At all times pertinent to this civil action, Plaintiff Colbert was employed by Defendants and was an individual entitled to protection afforded employees under the above-referenced federal and/or state statutes.

3. For cause of action, Colbert would allege that Defendants wrongfully and unlawfully discriminated against him, denying him opportunities for advancement, subjecting him to adverse differential treatment, and subsequently wrongfully terminating him. Defendants' wrongful actions proximately caused Plaintiff and Plaintiff's family significant harm and injury, for which Plaintiff seeks recovery. The wrongful actions complained of herein are referable upon the Defendants because they were taken by Defendants' agent(s) and/or management. Jurisdiction of this Court is invoked pursuant to the above statutes, and Plaintiffs seek injunctive and declaratory relief from Defendants as well any and all manner of money damages and other relief to which Plaintiffs may show themselves entitled, at law or in equity, to compensate Plaintiffs for the harm caused them by Defendants' unlawful actions.

4. The unlawful employment practices causing harm to the Plaintiff Colbert alleged herein were committed within the State of Texas. But for the unlawful employment practices alleged herein, the plaintiff would have worked at his rightful place or position within Defendants' workplace in Dallas and/or Tarrant Counties, in the State of Texas. Accordingly, venue is proper in the Northern District of Texas in this case.

## II. PARTIES

4. Plaintiff Colbert is a resident of Arlington, Tarrant County, Texas, and is considered domiciled in the State of Texas. Plaintiff Gayle Colbert also is a resident of Arlington, Tarrant County, Texas, residing there with her spouse, Joel Colbert.

5. Defendant Lone Star Park at Grand Prairie is a partnership organized and existing under the laws of the State of Texas. Defendant Lone Star Race Park Management Corporation is a corporation organized and existing under the laws of the State of Texas and on information and belief, Plaintiff would aver that Defendant Race Park Mgt. Corp. is the general partner operating the facility where Plaintiff was employed. Defendants are qualified to do business in the State of Texas, and are doing business in the State of Texas. Defendants are employers within the meaning of Title VII and the federal Age Discrimination in Employment Act, employing more than 500 employees.

6. Plaintiffs preserve their right to add additional parties as Defendants in this civil action, as Plaintiffs may deem necessary following discovery.

Plaintiffs' First Amended Original Complaint; page -- 2

## III. CONDITIONS PRECEDENT

7. Plaintiff Joel Colbert has satisfied all administrative prerequisites prior to the filing of this suit, having previously timely filed charges alleging Defendants' unlawful discrimination under Title VII and The Age Discrimination in Employment Act with the E.E.O.C. Plaintiff Joel Colbert's A.D.E.A. claims against the Defendants, who are his former employer(s), were contained in Plaintiffs' Original Complaint, which was timely filed within ninety (90) days of plaintiff having received the E.E.O.C. right to sue letter on such action. Plaintiff would aver that while the E.E.O.C. Right to Sue Letter is dated August 14, 2001, which was a Tuesday, and that said letter was presumptively placed in the mail by E.E.O.C. that same day, Colbert did not actually receive the E.E.O.C.s Right to Sue Letter until the following Monday, August 20, 2002.

## IV. RELIEF SOUGHT

8. This is a proceeding for a declaratory judgment as to plaintiff's rights and for a permanent injunction, restraining defendants from maintaining a policy, practice, custom or usage of discrimination against plaintiff because of his age, with respect to compensation, terms, conditions, and privileges of employment and in ways that deprive plaintiff of equal employment opportunities and otherwise adversely affect plaintiff's status as an employee, because of age. This complaint also seeks restitution of all rights, privileges, benefits, and income that would have been received by plaintiff but for the defendants' unlawful and discriminatory practices, together with an award of applicable statutory and/or punitive damages as may be provided by federal law or as would be appropriate in light of defendants' reckless indifference to the federally protected rights of Plaintiffs herein represented.

9. Plaintiff Gayle Colbert seeks to recover her actual damages in an amount at least equal to the replacement value of the health care insurance benefits she lost when Defendants' wrongfully terminated her spouse in violation of law, and her mental anguish damages and damages suffered by her as a result of Defendants' intentional and knowing actions which in light of her medical condition of which Defendants' were fully aware, Gayle Colbert would aver were acts amounting to an intentional infliction of emotional distress upon her by Defendants, for which acts Gayle Colbert also seeks recovery of punitive damages from Defendants for the harm she suffered as a direct and proximate result of Defendants' wrongful actions.

## V.   FACTUAL BACKGROUND

10. At all times pertinent hereto, individual Keith Moore was employed by Defendant(s) in the capacity of Pavilion Manager, and in such capacity, acted as a representative of Lone Star Park at Grand Prairie, with responsibilities which included protecting any/all the constitutional rights of employees of Defendant.

11. At all times pertinent hereto, individual Chris Blue was employed by Defendant(s) in the capacity of Manager of Cleaning Services, and in such capacity, acted as a representative of Lone Star Park at Grand Prairie, with responsibilities which included protecting any/all the constitutional rights of employees of Defendant.

12. At all times pertinent hereto, individual Melody Johnson was employed by Defendant(s) in the capacity of Director of Human Resources, and in such capacity, acted as a representative of Lone Star Park at Grand Prairie, with responsibilities which included protecting any/all the constitutional rights of employees of Defendant.

13. At all times pertinent hereto, individual Jeff Greco was employed by Defendant(s) in the capacity of Executive Vice President of Operations, and in such capacity, acted as a representative of Lone Star Park at Grand Prairie, with responsibilities which included protecting any/all the constitutional rights of employees of Defendant.

14. At all times pertinent hereto, individual Steve Sexton was employed by Defendant(s) in the capacity of Executive Vice President and General Manager, and in such capacity, acted as a representative of Lone Star Park at Grand Prairie, with responsibilities which included protecting any/all the constitutional rights of employees of Defendant.

15. Colbert began working for Defendant(s) on or about October 10, 1996.

16. Colbert's employment evaluation forms and performance reviews reflect that prior to his termination, Colbert was an excellent employee and that he performed well at his job with Defendants' company.

17. Plaintiff Colbert was terminated by Defendants on or about October 8, 2000. Defendants' stated reason(s) for Colbert's termination were a) job abandonment; and b) Colbert's alleged insubordination. Colbert disputed these allegations, and attempted to meet with management to discuss these matters in accordance with established company policy, but despite several attempts, management failed and refused to meet with Colbert following his October 8, 2001 termination.

18. Accompanied by counsel, on or about December 5, 2000, Colbert went to the Dallas, Texas offices of the Equal Employment Opportunity Commission and filed a complaint, alleging that his employer had discriminated against him and subjected him to differential treatment because of his age, and that his subsequent termination was wrongful.

19. Plaintiff Colbert's counsel appeared before the E.E.O.C. on Plaintiff Colbert's behalf and participated in the E.E.O.C.'s attempted mediation of Colbert's charge of discrimination.

20. The E.E.O.C. conducted an investigation and subsequently found cause to believe that Colbert had been discriminated against by his former employer, and that the employer's previously stated reason(s) for Colbert's termination were merely a pretext designed to

conceal the true, discriminatory basis for Defendant's actions.

21. A right to sue letter Colbert was mailed to Colbert on or about August 14, 2001 by the E.E.O.C., but E.E.O.C. did not mail a copy of the right to sue letter to Colbert's attorney at that time, despite extensive prior contact and communication with him. On or about August 31, 2001, Colbert contacted his attorney and at that time learned that the attorney had not been notified of the right to sue letter's issuance. Plaintiff's attorney then contacted the E.E.O.C., which on September 7, 2001, finally mailed Plaintiff's counsel a copy of the Right to Sue Letter finding cause in this case.

22. As a direct and proximate result of Defendants' wrongful actions, Plaintiffs have suffered harm and injury, for which by this civil action they seek recovery. Plaintiff Colbert has attempted to mitigate his lost income damages, but remains under-employed at this time.

## VI. COUNT ONE: DENIAL OF ADVANCEMENT OPPORTUNITIES

23. Incorporating the factual allegations above and pleading further, Plaintiff would allege that he timely applied and was qualified for an advancement position with Defendant, but despite plaintiff's qualifications, Colbert was passed over for the position, for which Defendants instead employed a much less qualified, albeit younger, male applicant.

24. Because of the willful actions of defendant, and as a proximate cause thereof, plaintiff has been, and continues to be, denied his right to equal employment opportunity in violation of the Civil Rights Act of 1964, as amended, and by this civil action would seek recovery of damages from Defendants.

## COUNT TWO: AGE DISCRIMINATION IN EMPLOYMENT ACT

25. Incorporating the factual allegations above and pleading further, Plaintiff would allege that he was wrongfully discriminated against and suffered adverse differential treatment at the hands of Defendants, in violation of the federal Age Discrimination in Employment Act, and by this civil action would seek recovery of all manner of damages, including but not limited to:
    a. Loss of 401k
    b. Loss of health insurance
    c. Loss of life insurance
    d. Back pay
    e. Statutory award of damages in the amount of two-times back pay award, in light of Defendants' willful violation of A.D.E.A.
    f. Loss of front pay
    g. Bonuses, raises and promotions; and

Plaintiffs' First Amended Original Complaint; page -- 5

26. As a direct and proximate result of Defendants' discriminatory employment practices, policies, and customs, plaintiff has suffered stress, harassment, embarrassment, and has seen his general health decline, so that plaintiff presently has experienced loss of confidence, anger, which makes it difficult for Colbert to care for his spouse, who in December 1999 was diagnosed with and treated for lung cancer   As a direct and proximate result of Defendants' wrongful and unlawful employment practices, which would include Colbert's termination, Plaintiff no longer has access to affordable medical/health care insurance, so essential to his own and his spouse's present and future health care needs.  For these damages proximately resulting from the Defendants' wrongful and unlawful actions, Plaintiffs now seek recovery.

## COUNT THREE: WRONGFUL TERMINATION

27. Colbert incorporates by reference the factual allegations set forth in the preceding paragraphs, and pleading further, would aver that Defendant's actions therein described were unjustified, unfair, and constituted an unlawful, wrongful termination.  As a direct and proximate cause of these act(s), Plaintiff suffered injuries for which he seeks all manner of compensatory damages and equitable relief to which he may show himself entitled in this action.

## VII. A.D.E.A. WILLFUL VIOLATION STATUTORY DAMAGES

28. All of the above-described actions by defendants clearly illustrate that defendants knowingly and willfully discriminated against Colbert in violation of the A.D.E.A., and/or acted with reckless indifference to the plaintiff's federally protected rights to equal employment opportunities under federal law.  Plaintiff would seek an award of statutory exemplary damages in this case, in an amount equal to two-times the back-pay damages sum as may be awarded Plaintiff in this case, in order to discourage future discriminatory conduct.

## VIII. GAYLE COLBERT'S CLAIM FOR DAMAGES FOR DEFENDANTS' INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, FOR MONETARY LOSS ACTUAL DAMAGES, MENTAL ANGUISH DAMAGES AND PUNITIVE DAMAGES

29. Gayle Colbert avers that Defendants' unlawful actions caused her severe harm and injury and monetary loss as described above, and she seeks recovery of actual and punitive damages from Defendants for mental anguish and for the tort of intentional infliction of emotional distress.

e)  Award plaintiff the costs and disbursements of this action, including reasonable attorneys' fees in accordance with applicable law; and

f)  Grant such other relief as may be just and proper.

Dated: October 15, 2002.

Respectfully submitted,

L. Bruce Lambert
State Bar I.D.# 00792973
Attorney for Plaintiff
2500 Sherri Lane
Flower Mound, Texas 75028
   Telephone: (817) 226-2929
   Telecopier: (972) 691-7392

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been provided to defendants, by serving their attorney of record, Jason E. Winford, of the firm Jenkens & Gilchrist, A Professional Corporation, at its law office address 1445 Ross Avenue, Suite 3200 Dallas, TX 75202-2799; (214) 855-4365; (214) 855-4300 *fax*, on this the 15th day of October, 2002, by ☒ FAX ☐ CERTIFIED MAIL ☐ HAND DELIVERY, in accordance with Rule 5 of the Federal Rules of Civil Procedure.

L. Bruce Lambert